UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KELLY FRANK MILLER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 08-66-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LARRY CHANDLER, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Petition for Writ of Habeas Corpus [R. 1] pursuant to 28 U.S.C. § 2254 filed by Kelly Frank Miller. Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier for initial screening and preparation of a report and recommendation. Judge Wier has filed his Recommended Disposition ("R&R") [R. 10], ultimately recommending that Miller's Petition be denied. [*Id.*] Miller filed objections [R. 13] to certain portions of the R&R, triggering this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). However, Miller failed to object to two aspects of the R&R. And when no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). For the reasons set forth below, the Court overrules

Miller's objections, adopts the Magistrate Judge's R&R, and dismisses Miller's Petition.

**I.**

Miller has objected to the findings of fact set forth in the R&R, suggesting that the Magistrate Judge simply adopted the findings of fact in the state court record and various pleadings. But, he fails to point to any specific errors in the factual background. Nor does he suggest alternate facts. Upon review of the record, the Court finds that Judge Wier's R&R accurately sets out the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2254(d). Except for what the Court supplements in its discussion below, the Court has nothing to add and therefore incorporates the Magistrate Judge's discussion of the record and the standard of review into this order.

**II.**

**A.**

Miller's first objection relates to his sufficiency of the evidence argument about the lack of serious bodily injury for two of his victims. According to Miller, the prosecutor failed to present sufficient evidence that two of the three victims suffered a serious physical injury, as defined by Kentucky law and required for a conviction of first degree assault. He seems to suggest that *Luttrell v. Commonwealth*, 554 S.W.2d 75 (Ky. 1977) set the parameters for defining serious bodily injury. His objection, and his underlying argument, are without merit.

Judge Wier set forth the correct legal standards and concluded that a rational juror could have found Miller guilty of three counts of first degree assault beyond a reasonable doubt. He also specifically distinguished *Luttrell*, noting that the victim in that case suffered superficial wounds from discharge loaded with bird shot. [R. 10, p. 15.] Judge Wier then contrasted that

case with the present one, where Miller shot each of the victims with a .38, and each victim suffered permanent injury as a result. He noted that the two victims whose injuries Miller contested were transported to the hospital with one carrying a bullet in his back for nearly a decade and the other having bones removed from his wrist as a result of post-assault surgery. Under these facts, and contrary to Miller's arguments, it was not "objectively unreasonable for the state court to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that [defendant] committed the essential elements of the crimes charged beyond a reasonable doubt." *Saxton v. Sheets*, 547 F.3d 597, 601-02 (6th Cir. 2008) (quotation omitted).

**B.**

Miller's next objection relates to his argument that the trial court erred by refusing to instruct the jury on an intoxication defense. Noting that he had consumed four whiskey mixed drinks on the night in question and was observed stumbling and staggering, Miller contends the record clearly established that he was intoxicated and therefore entitled to such an instruction. This argument is also without merit.

Judge Wier appropriately noted that a decision not to give a jury instruction based on insufficient evidence is ultimately a state-court determination of state-law questions, which is generally not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, this Court will defer to the state court's application of state law unless the application was "so fundamentally unfair as to violate the petitioner's due process rights." *See Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001) (citing *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000)). Here, the Court agrees with Judge Wier's conclusion that the state courts appropriately

denied the instruction and did not act in a fundamentally unfair manner. To get a voluntary intoxication instruction in Kentucky, a defendant must provide "evidence reasonably sufficient to support a doubt that the defendant knew what he was doing"; evidence of "mere drunkenness" is not enough. *See Jewell v. Commonwealth*, 549 S.W.2d 807, 812 (Ky. 1977) (partially reversed on other grounds). The record, as pointed out by Judge Wier, establishes that Miller was able to walk to his vehicle, retrieve his firearm, and return to the crowded bar where he specifically targeted the two bouncers who had expelled him and another patron. Accordingly, the state court's refusal to give an intoxication instruction did not violate Miller's due process rights.

## C.

Miller's final objection concerns his sentencing issue in which he contends that his due process rights were violated by the trial court's failure to credit him for 873 days of pretrial home detention toward his sentence. The Kentucky Supreme Court rejected this claim, finding that the trial court correctly applied state law which did not afford credit for time served in home incarceration when such incarceration was a form of pretrial release. Miller persists in his argument that he is entitled to credit for that time against his sentence. And he argues that Judge Wier's reliance on *Estelle* is misplaced and that the appropriate rule is set forth in *Hicks v. Oklahoma*, 447 U.S. 393 (1980). The Court disagrees.

Judge Wier again correctly observed that Miller's argument boils down to a request to "reexamine state-court determinations on state-law questions," *see Estelle*, 502 U.S. at 67-68, which is not appropriate on habeas review. And, contrary to Miller's contention, *Hicks* is inapposite to this case. Regardless, in denying Miller's claim, the Kentucky Supreme Court cited *Buford v. Commonwealth*, 58 S.W.3d 490 (2001), a case which specifically rejected the very

arguments Miller presents here. Miller has, therefore, failed to demonstrate that the Kentucky Supreme Court's ruling was fundamentally unfair. Neither Judge Wier's nor the Kentucky courts' decisions were contrary to or involved an unreasonable application of clearly established federal law.

## III.

Finally, consistent with Judge Wier's recommendation, the Court declines to issue a certificate of appealability. Such a certificate may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, in spite of Miller's arguments to the contrary, the Court agrees with Judge Wier that reasonable jurists would not debate the denial of Miller's § 2254 motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Petitioner's Objections [R. 13] to the Magistrate's Recommended Disposition are **OVERRULED**;

(2) The Magistrate Judge's Recommended Disposition [R. 10] is **ADOPTED** as and for the opinion of this Court;

(3) The Petitioner's Petition [R. 1] is **DISMISSED**;

(4) The Petitioner's Motion for Appointment of Counsel [R. 11] and Motion to Submit Under Streamlined Procedures Act [R. 17] are **DENIED**;

(5) The Petitioner's request for a Certificate of Appealability is **DENIED**; and

(6) **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 29th day of March, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge